FILED IN OPEN COURT
DATE 3/17/20
BY K Dotson
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA HARRISONBURG DIVISION, W.D. of V.
ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Case No. 1:20CR00010 |
| KAYLA QUESENBERRY | : | Violations: 21 U.S.C. §§ 841, 846 |

## INDICTMENT

### COUNT ONE

The Grand Jury charges that:

1. On or about May 14, 2019, in the Western District of Virginia, KAYLA QUESENBERRY knowingly possessed with intent to distribute, and distributed, 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers.

2. All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

### COUNT TWO

The Grand Jury charges that:

1. On or about May 30, 2019, in the Western District of Virginia, KAYLA QUESENBERRY knowingly possessed with intent to distribute, and distributed, 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers.

2. All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

### COUNT THREE

The Grand Jury charges that:

USAO#2018R00189

1. Between on or about October 2017 and September 25, 2019, in the Western District of Virginia and elsewhere, KAYLA QUESENBERRY knowingly conspired with others, known and unknown, to possess with intent to distribute, and to distribute, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers.

2. All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846.

## NOTICE OF FORFEITURE

1. Upon conviction of one or more of the felony offenses alleged in this Indictment, the defendants shall forfeit to the United States:

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses, pursuant to 21 U.S.C. § 853(a)(1).

   b. any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said offenses, pursuant to 21 U.S.C. § 853(a)(2).

   c. any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances and/or raw materials, as described in 21 U.S.C. § 881(a)(1) and (2), and any proceeds traceable to such property, pursuant to 21 U.S.C. § 881(a)(11) and 28 U.S.C. § 2461(c).

2. The property to be forfeited to the United States includes but is not limited to the following property:

   a. Five (5) cellular telephones.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with a third person;

     c. has been placed beyond the jurisdiction of the Court;
     d. has been substantially diminished in value; or
     e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendants up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

A TRUE BILL, this 17th day of March, 2020.

/s/ Grand Jury Foreperson

*Thomas T. Cullen* by scj
THOMAS T. CULLEN
United States Attorney

USAO#2018R00189