IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION
CRIMINAL MINUTES – SENTENCING HEARING

Case No.: 1:20CR00010-001                                                                 Date: 8/28/2020

**Defendant:** Kayla Quesenberry / Custody            **Counsel:** John T. Stanford, AFPD / Appointed

PRESENT:  JUDGE:              James P. Jones, USDJ     TIME IN COURT: 11:35-11:55 a. m. (20 minutes)
          Deputy Clerk:       Lottie Lunsford
          Court Reporter:     Donna Prather, OCR
          U. S. Attorney:     Randy Ramseyer
          USPO:               Angela Sullivan
          Case Agent:         N/A
          Interpreter:        N/A;    CSO: Jerry Cunningham

**PROCEEDINGS:**

No Objections to Presentence Report.

The Presentence Report is to be revised to note that that the defendant was being held in the Southwest Regional Jail in connection with a charge in state court that was nolle processed but related to this federal charge. The change is to be made so that the Bureau of Prisons will give her credit for time spent in state custody as noted in paragraph 50 of Presentence Report.

No evidence presented.

Court adopts Presentence Report.

Court imposes a sentence below the guideline range as stated.

SENTENCE IMPOSED AS FOLLOWS:

CBOP:  Count 3 – One hundred eighty (180) months.
SR:    Five (5) years - comply w/Standard, Mandatory & Special Conditions.
       ☐   Mandatory drug testing suspended.
SA:    $100.00 due immediately.
FINE:  N/A
REST:  N/A

Court recommends as follows:
       That Defendant receive residential drug treatment and appropriate mental health treatment while imprisoned.
       That Defendant be designated to FPC Alderson in order to facilitate visits with family members.

SPECIAL CONDITIONS OF SUPERVISION

Must pay any monetary penalty that is imposed by this judgment in the manner directed by the court.

Must reside in a residence free of firearms, ammunition, destructive devices, and dangerous weapons.

Following release from imprisonment, the court will evaluate defendant's status and determine whether, after incarceration, drug rehabilitation is necessary and appropriate. If additional rehabilitation is deemed appropriate, the defendant must participate in a program as designated by the court, upon consultation with the probation officer, until such time as the defendant has satisfied all the requirements of the program.

Following release from imprisonment, the court will evaluate defendant's status and determine whether, after incarceration, mental health treatment is necessary and appropriate. If additional rehabilitation is deemed appropriate, the defendant must participate in a program as designated by the court, upon consultation with the probation officer, until such time as the defendant has satisfied all the requirements of the program

Must submit her person, property, house, residence, vehicle, papers, [computers as defined in 18 U.S.C. Section 1030(e)(1), other electronic communications or data storage devices or media], or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of her supervision and that the areas to be searched contain evidence of this violation.

PAYMENT SCHEDULE:

A lump sum payment of $100.00 is due immediately.

ADDITIONAL RULINGS:

Defendant shall forfeit her interest in the property listed in the Order of Forfeiture entered on 5/28/2020.
Order of Forfeiture shall be made a part of the judgment in this case.
Counts One and Two are dismissed pursuant to the plea agreement in this case.
Defendant advised of right to appeal.
Defendant remanded to custody.